```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA


BRYAN DEMOUCHET                                  CIVIL ACTION

VERSUS                                           NO. 07-1694

RAYBURN CORRECTIONAL                             SECTION "T"(5)
CENTER, ET AL
```

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.2E(A), the instant 42 U.S.C. §1983 proceeding has automatically been referred to the undersigned magistrate judge. Plaintiff, Bryan Demouchet, an inmate incarcerated in the Rayburn Correctional Center, complains that he was beaten by Rayburn Correctional Center officials following his violation, in February, 2007, of three disciplinary rules.[1] Named as defendants in this action are the Rayburn Correctional Center, along with the following Rayburn Correctional Center employees:  Warden Jeffery

---

[1] A detailed discussion of plaintiff's allegations is set forth infra at pp. 6-8.

Travis, Captain Rory Beall, Lieutenant John D. Knight, Lieutenant Jerry Rodgers, Lieutenant Aaron Richardson, Lieutenant Stedman, Lieutenant Richard Magee, Sergeant Marc Forrest, Sergeant Brian Brumfield, Sergeant Sarah Richardson, Sergeant William Touchstone, and Sergeant Tylan Self.  Plaintiff has sued the above defendants in both their official and individual capacities. (Rec. doc. 1, p. 1).

      This matter is before the court via a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6),[2] filed on behalf of defendants, Rayburn Correctional Center, Warden Jeffery Travis, Captain Rory Beall, Lieutenant John Knight, Lieutenant Jerry Rodgers, Lieutenant Stedman, Lieutenant Richard Magee, Sergeant Marc Forrest, Sergeant Brian Brumfield, Sergeant Sarah Richardson, Sergeant William Touchstone, and Sergeant Tylan Self. (Rec. doc. 28).[3]  As the court explained in

---

[2]The instant motion is captioned as a "Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)".  However, it is expressed, in the supporting memorandum, that dismissal is being sought pursuant to both Rule 12(b)(6) and Rule 12(b)(1).

[3]Lieutenant Aaron Richardson did not join in the instant motion as he has never been served with a copy of plaintiff's complaint.  See rec. doc. 11.  Further, although the motion names only defendants, Travis, Touchstone, Brumfield, Self and Sarah Richardson as movers, the relief sought at the conclusion of the motion pertains to all defendants upon whom service has been effected.  The Court, therefore, considers that all defendants except Aaron Richardson are movers at this time.

Evans v. Department of Housing and Urban Development, 2004 WL 179193, *2-3 (E.D. La. 2004) (quotation omitted):

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir.1977) (per curiam). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. Id. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursing a claim in a court that does have jurisdiction. Id.
> A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir.1998).

With respect to a Rule 12(b)(6) motion to dismiss, the Evans court informed:

> The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Home Builders, 143 F.3d at 1010, citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)....
> Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to

> be taken as true." Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996). This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. Hitt, 561 F.2d at 608. In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts" Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).

Evans, 2004 WL at *3 (quotation omitted).

**II.  ANALYSIS**

    **A.  Dismissal Under Rule 12(b)(1)**

        **1.  Rayburn Correctional Center**

Plaintiff's claims against the Rayburn Correctional Center are subject to dismissal as the Rayburn Correctional Center is not a legal entity capable of standing in judgment pursuant to either 42 U.S.C. §1983 or Fed.R.Civ.P. 17. Rollins v. Bickham, 2006 WL 4029580, *3 (E.D. La. 2006); see also Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976) (citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S.

1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970)).  Rayburn Correctional Center is neither a person nor a legal entity against whom judgment can be rendered.

### 2.   Remaining Movants in Their Official Capacities

Plaintiff's claims against Travis, Beall, Knight, Rodgers, Stedman, Magee, Forrest, Brumfield, Sarah Richardson, Touchstone and Self, in their official capacities, are also subject to dismissal as they enjoy Eleventh Amendment immunity.  Cousin v. Day, 2001 WL 34059380, *8 (E.D. La 2001).  All are employed at Rayburn Correctional Center which is a state operated correctional facility under the control and administration of the Louisiana Department of Corrections ("DOC").  A suit against these defendants in their official capacities is equivalent to a suit against the entity with whom they are employed, i.e, the DOC.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  For Eleventh Amendment purposes, the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds.  Anderson v. Phelps, 655 F.Supp. 560, 564 (M.D. La.1985). The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State, Pennhurst State School v. Halderman, 465 U.S. 89, 98 (1984),

unless the State has expressly waived its Eleventh Amendment sovereign immunity.  See Edelman v. Jordan, 415 U.S. 651, 673 (1974).  The State of Louisiana has expressly not waived its Eleventh Amendment immunity.[4]

Additionally, §1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his constitutional rights.  The above-listed movants, in their official capacities, are not considered to be "persons" within the meaning of 42 U.S.C. §1983.  As the Court explained in Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)(citations omitted), while state officials are, literally speaking, "persons", "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... [and] [a]s such, ... is no different from a suit against the State itself."

**B.  Dismissal Under Rule 12(b)(6)**

**1. Alleged Facts**

Plaintiff alleges that in February, 2007, he was "written up" by Sergeant Sarah Richardson for an "aggravated sex offense",

---

[4]La.Rev.Stat. Ann. § 13:5106(a) specifically provides that "no suit against the state ... shall be instituted in any court other than a Louisiana state court."

a violation of "rule #21", and by Lieutenant John Knight for "defiance" and "aggravated disobedience", violations of "rule[s] #3 and #5", respectively. (Rec. doc. 1, p. 5; rec. doc. 39, "Declaration of Mr. Bryan Demouchet" ("Declaration"), p. 1).[5] Shortly thereafter, after summoning plaintiff into the television room of his dormitory, Lieutenant Knight "began to holler", "slammed the plaintiff to the floor", and, "assisted" by Sergeant Marc Forrest, Sergeant Sarah Richardson, and Sergeant McDonald,[6] placed plaintiff in handcuffs and shackles. (Rec. doc. 1, p. 5; rec. doc. 39, Declaration, p. 1). Sergeant Forrest then "called via radio for all units", and Captain Rory Beall, Lieutenant Jerry Rodgers, Lieutenant Aaron Richardson, Lieutenant Richard Magee and Lieutenant Stedman arrived on the scene. (Rec. doc. 1, p. 5). These officials, i.e., Beall, Rodgers, Aaron Richardson, Magee and Stedman, along with Knight, then "began beating the plaintiff." (Rec. doc. 1, p. 5). Specifically, plaintiff claims that Lieutenant Knight "punch[ed] [him] in the face, skull, head, [and] neck", then pushed him on the floor and "began kicking [him]". (Rec. doc. 39, Declaration, p. 1). Lieutenant Jerry Rodgers

---

[5]Rec. doc. 39 consists of three substantive pleadings: "Objection to Defendants [sic] Motion to Dismiss"; "Memorandum of Law in Support [of] Objection"; and, "Declaration of Mr. Bryan Demouchet".

[6]Sergeant McDonald is not a named defendant.

"squeez[ed]" and "punch[ed]" plaintiff's handcuffs in an effort "to break [his] wrists". (Rec. doc. 39, Declaration, p. 1). Magee, Stedman and Beall punched plaintiff "in the skull, head, [and] ribcage", then kicked him in the "knee cap", "back bone", "spine", "collarbone" and "nose area". (Rec. doc. 39, Declaration, p. 2).

Following the above-described beating, plaintiff states that he was dragged outside on route to Sun Unit. While "outside on the breeze way", Knight, Rodgers, Magee, Stedman, and Beall continued to punch and kick him. (Rec. doc. 39, Declaration, p. 2). Lieutenant Aaron Richardson "grabbed [him] by the face, threatening that he should "kill" plaintiff as a result of what plaintiff had "done" to his wife, Sergeant Sarah Richardson. Thereafter, Lieutenant Aaron Richardson proceeded to punch plaintiff in the mouth, kick him in the back, then "further humiliated" plaintiff by "spitting" in his face and "slapping" him. (Rec. doc. 1, p. 6; rec. doc. 39, Declaration, p. 2). Plaintiff charges that defendants Brumfield, Touchstone and Self "witnessed the beating of the plaintiff while he was fully restrained", but took no action to stop the beating. (Rec. doc. 1, pp. 6-7; rec. doc. 39, Declaration, p. 3).

### 2. Warden Jeffrey Travis

As evidenced by the above factual recitation, plaintiff

8

makes no allegation that movant, Warden Jeffrey Travis, played any role in the alleged beating he suffered following his February, 2007 disciplinary infractions.  Instead, plaintiff seeks to hold Warden Travis liable "as overseer of Rayburn Correctional Center Officers".  (Rec. doc. 39, "Objection to Defendants [sic] Motion to Dismiss", p. 1).

It is well-established that a supervisory official, such as Warden Travis, cannot be held liable pursuant to §1983 under any theory of respondeat superior simply because an employee or subordinate allegedly violated plaintiff's constitutional rights. See Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999); see also Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979).  A state actor may be liable under §1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F. 2d 345, 346 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F. 2d 120 (5th Cir. 1980).  Accordingly, Warden Travis, in his individual capacity, should be dismissed as a party defendant.

### 3. Remaining Movants in Their Individual Capacities

Captain Rory Beall, Lieutenant John Knight, Lieutenant

Jerry Rodgers, Lieutenant Stedman, Lieutenant Richard Magee, Sergeant Marc Forrest, Sergeant Brian Brumfield, Sergeant Sarah Richardson, Sergeant William Touchstone, and Sergeant Tylan Self, in their individual capacities, contend that they are entitled to be dismissed under Rule 12(b)(6) based upon their qualified immunity.  Once defendants plead qualified immunity, a plaintiff, in order to overcome this defense, must satisfy a two-prong test. Siegert v. Gilley, 500 U.S. 226, 231 (1991). First, inquiry must be made as to whether plaintiff has sufficiently alleged a violation of a clearly established constitutional right.  Id.  If this hurdle is overcome, then the court must decide whether defendants' actions were "objectively reasonable in light of the clearly established law at the time of the incident."  Easter v. Powell, 467 F.3d 459, 462 (5th Cir. 2006) (citation omitted).

   The Eighth Amendment prohibits the use of force which is applied "maliciously and sadistically to cause harm" rather than applied "in a good-faith effort to maintain or restore discipline". Hudson v. McMillian, 503 U.S. 1, 6 (1992).  Further, §1983 liability arises, in the context of an excessive force claim, not just in connection with the action of the official meting out the alleged excessive force, but also in connection with the official who stands by, witnessing the exertion of excessive force but doing nothing to

stop it. Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995) (recognizing liability under §1983 when officer is present at scene where fellow officer engages in abusive behavior and takes no reasonable action to prevent use of excessive force); Ibarra v. Harris County Texas, 2007 WL1879176, *4 n.8 (5th Cir. 2007) (per curiam) ("bystander liability" arises where officer is present when excessive force is exerted by fellow officer and fails to take reasonable measures to protect victim from excessive force).[7]

Taking plaintiff's allegations, that prison officials beat him while other officials watched, as true and construing them in a light most favorable to plaintiff,[8] the court finds that plaintiff has alleged a violation of a clearly established constitutional right. Further, said allegations, if ultimately proven true, are sufficient to establish that movants' actions were objectively unreasonable in light of clearly established law. The alleged action of Knight, Beall, Rodgers, Magee and Stedman in punching

---

[7] While the alleged excessive force at issue in both Hale and Ibarra involved an arrestee, thereby arising in the context of a Fourth Amendment violation, rather than a convicted inmate, thereby arising in the context of an Eighth Amendment violation, the law is clear that a claim of excessive force "is analyzed under the same standard regardless of whether it arises under the Fourth Amendment or the Eighth Amendment." Payne v. Parnell, 2007 WL 2537839, *4 n.4 (5th Cir. 2007) (per curiam), citing Ikerd v. Blair, 101 F.3d 430, 434 n.9 (5th Cir. 1996).

[8] See discussion supra at p. 3.

and/or kicking plaintiff after he was already handcuffed and shackled, falls within the category of malicious and sadistic force intended to cause harm, specifically prohibited under Hudson, supra. Likewise, the alleged inaction of Brumfield, Touchstone and Self in failing to stop their fellow prison officials from beating plaintiff after he had been restrained, falls within the category of behavior, described in Hale, supra, from which bystander liability arises.

The Court notes that, as to Sergeants Marc Forrest and Sarah Richardson, plaintiff has not been as specific as he has regarding other defendants.  While he infers that they were present at different times on the day in question, the only specific allegations that he has made pertaining to them are as follows:

Sgt. Marc Forrest showed "deliberate indifference towards ...plaintiff in that he called via radio for all units" at the instruction of his superior, Lt. John Knight.  He, also, initially assisted in plaintiff's being handcuffed and obtained shackles for use on plaintiff, again at the instruction of Lt. Knight.  (Rec. doc. 1, p. 5; rec. doc. 39, Declaration, p. 1).

Sgt. Sarah Richardson is alleged to have assisted when plaintiff was placed in both handcuffs and shackles. (Rec. doc. 39, Declaration, p. 1).  She is also alleged to be the wife of Lt. Aaron Richardson which plaintiff characterizes as "nepotism".  (Rec. doc.

12

1, p. 7).

These allegations as to Sgt. Marc Forrest and Sgt. Sarah Richardson are insufficient to set forth a constitutional violation of plaintiff's rights.  Therefore, unless plaintiff can be more specific as what these individuals have done, plaintiff's claims against them, in their individual capacities, should be dismissed. Plaintiff will be given fourteen days to attempt to amend his pleadings to set forth a valid claim against Sgt. Marc Forrest and Sgt. Sarah Richardson, absent which they should be dismissed from this litigation.

Accordingly;

**<u>RECOMMENDATION</u>**

For the foregoing reasons, it is hereby recommended that the instant motion to dismiss be granted to the extent that movants, Warden Jeffery Travis and the Rayburn Correctional Center, seek a full dismissal of all of plaintiff's claims against them.

It is further recommended that the instant motion to dismiss be granted to the extent that movants, Captain Rory Beall, Lieutenant John Knight, Lieutenant Jerry Rodgers, Lieutenant Stedman, Lieutenant Richard Magee, Sergeant Marc Forrest, Sergeant Brian Brumfield, Sergeant Sarah Richardson, Sergeant William Touchstone and Sergeant Tylan Self, in their official capacities,

seek a dismissal of plaintiff's claims against them.

It is further recommended that plaintiff be given fourteen days within which to amend his pleadings to attempt to set forth a claim against Sergeant Marc Forrest and Sergeant Sarah Richardson, in their individual capacities, absent which the motion to dismiss should be granted as to these defendants.

In all other respects, it is hereby recommended that the instant motion to dismiss be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  31st  day of    January   , 2008.

                                            ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE