**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BRYAN DEMOUCHET**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 07-1694**

**RAYBURN CORRECTIONAL**                               **SECTION "S" (5)**
**CENTER, ET AL**

**REPORT AND RECOMMENDATION**

Plaintiff, Bryan Demouchet, is a prisoner currently incarcerated in the Rayburn Correctional Center in Angie, Louisiana. In this pro se and in forma pauperis complaint, filed pursuant to 42 U.S.C. §1983, plaintiff complains that he was beaten by Rayburn Correctional Center officials following his violation, in February, 2007, of three disciplinary rules. This matter is before the court pursuant to a motion to dismiss filed by defendants, Rayburn Correctional Center employees Rory Beall, John Knight, Jerry Rodgers, Aaron Richardson, Sarah Richardson, Richard Steadman, Richard Magee, Mark Forrest, Brian Brumfield, William Touchstone, and Tylan Self. Because matters outside of the pleadings have been presented to and not excluded by the court (see rec. doc. no. 77-4), the instant motion, pursuant to the provisions

of Federal Rule of Civil Procedure ("FRCP") 12(b), shall be treated as one for summary judgment and disposed of as provided in FRCP 56.

**STANDARD OF REVIEW**

In reviewing a motion for summary judgment, the court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. FRCP 56. In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 2553-54 (1986), the United States Supreme Court indicated that the party seeking summary judgment must point out the absence of evidence showing a genuine issue of material fact. <u>See</u> <u>Slaughter v. Allstate Insurance Company</u>, 803 F. 2d 857, 860 (5th Cir. 1986). The party opposing summary judgment and who bears the burden of proof at trial must then "go beyond the pleadings and by [his] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'." <u>Celotex</u>, 106 S. Ct. at 2253. "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." <u>Douglass v. United Services Auto. Ass'n</u>, 79 F. 3d 1415, 1429 (5th Cir. 1996) (<u>en banc</u>) (citing <u>Forsyth v. Barr</u>, 19 F. 3d 1527, 1533 (5th Cir.), <u>cert.</u> <u>denied</u>, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

Defendants argue that they are entitled to judgment as a matter of law because plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Defendants provide that plaintiff filed the above-captioned action on April 3, 2007. However, as evidenced by the "Second Step Response Form" (rec. doc. 77-4), plaintiff did not complete the two-step administrative remedy process until over a week later, on April 12, 2007.

The fact that plaintiff initiated, but did not complete, his administrative remedy procedure before filing the instant lawsuit would generally be a basis for dismissal. The PLRA "plainly requires that administrative remedies be exhausted <u>before</u> the filing of a §1983 suit, rather than while the action is pending." <u>Wendell v. Asher</u>, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis in original). However, for the reasons set forth below, the Court declines to apply the general rule in the instant matter.

First, on May 21, 2008, over a year after his administrative remedies were exhausted, plaintiff filed a "First Amended and Supplemental Complaint" (rec. doc. 66). By virtue of this filing, the court may reasonably conclude that plaintiff satisfied his exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 501 (6th Cir. 2001) (district court properly concluded that plaintiffs could continue to pursue their claims in federal court because they had fully exhausted their claims prior to filing their amended complaint); Dickerson v. Strain, 2009 WL 2023866, *3 (E.D. La. July 9, 2009) (Shushan, MJ) (arguable that plaintiff's exhaustion problem was resolved by his filing an amended complaint after the exhaustion of his administrative remedies).

Second, as both the Curry court, 249 F.3d at 502, and the Dickerson court, 2009 WL at 3, noted, the exhaustion requirement is not jurisdictional. As such, courts have some discretion in determining compliance with §1997e(a). Exhaustion "may be excused where dismissal would be inefficient and would not further the interest of justice or the purposes of the exhaustion requirement." Johnson v. Ford, 261 Fed. App'x 752, 755 (5th Cir. 2008). Further, as Magistrate Judge Shushan noted in Dickerson, 2009 WL at *3, the United States Fifth Circuit Court of Appeals "has recently frowned on the practice of dismissing a complaint based solely on the fact that administrative remedies were ongoing at the time the federal

complaint was filed if those remedies were in fact completed after filing." See Collins v. Stalder, 2009 WL 1833966, *2 n.11 (5th Cir. June 26, 2009) (dismissing an action for failure to exhaust after the plaintiff has satisfied the exhaustion requirement of §1997e "would not only facilitate and encourage gamesmanship by defendants, who could wait until an inmate's statute of limitations has run before moving for dismissal, but would also contravene our practice of dismissing premature filings without prejudice to permit a plaintiff to exhaust [citations omitted]").

Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that defendants' motion for summary judgment be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass,

5

79 F.3d at 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __6th__ day of August, 2009.

*Alma L. Chasez*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE